## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUSE OF ACTION INSTITUTE )<br>1919 Pennsylvania Avenue, NW, Suite 650 )<br>Washington, DC 20006, )<br>                                                                    )<br>          Plaintiff,                                      )<br>                                                                    )<br>          v.                                                     )<br>                                                                    )<br>JOHN F. KERRY,                                      )<br>in his official capacity as                         )<br>Secretary of State of the United States     )<br>United States Department of State          )<br>2201 C Street, N.W.                                )<br>Washington, DC  20520,                         )<br>                                                                    )<br>          and                                                 )<br>                                                                    )<br>DAVID S. FERRIERO                               )<br>in his official capacity as                         )<br>Archivist of the United States                  )<br>The National Archives and Records Administration )<br>8601 Adelphi Road                                 )<br>College Park, MD  20740-6001            )<br>                                                                    )<br>          Defendants.                                   )<br>                                                                    ) | Civil Action No. |

### COMPLAINT
(For Declaratory and Injunctive Relief)

1.  This is an action under the Federal Records Act, 44 U.S.C. §§ 2101 *et seq*., §§ 2901 *et seq.,* §§ 3101 *et seq*., and §§ 3301 *et seq*., and the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* ("APA") to compel Defendants John F. Kerry and David S. Ferriero, in their official capacity as Secretary of State of the United States and Archivist of the United States, respectively, to comply with their statutory duty to initiate legal action through the Attorney General, and to notify Congress of such action, for recovery of federal records

unlawfully removed from the custody of the Department of State ("State Department") and stored on a personal computer server in the exclusive control and custody of former Secretary of State Hillary Rodham Clinton ("Clinton").

2. At all times relevant, the Federal Records Act prohibited the unlawful removal or destruction of government records.

3. At all times relevant, the Federal Records Act required the head of each Federal agency to establish safeguards against the removal or loss of government records.

4. At all times relevant, the Federal Records Act provided that "[s]afeguards shall include making it known to officials and employees of the agency" that records were not to be removed or destroyed except in accordance with law and the penalties for the unlawful removal or destruction of records. 44 U.S.C. § 3105.

5. At all times relevant, the penalties for the unlawful or accidental removal, defacing, alteration, or destruction of Federal records or the attempt to do so, included a fine, imprisonment, or both, pursuant to 18 §§ U.S.C. 641 and 2071. 36 CFR § 1230.12.

6. On March 10, 2015, Clinton admitted to using a private email account for government business, housed on a computer server located within her home and over which she maintained exclusive control, throughout her tenure as Secretary of State. *Statement from the Office of Former Secretary Clinton* (Mar. 10, 2015), *available at* http://goo.gl/wtSQ9e.

7. Clinton said she turned over approximately 55,000 pages of printed copies of her work-related emails to the State Department on December 5, 2014 (22 months after she resigned from office).

8. In a letter dated March 27, 2015 to the Chairman of the House Select Committee on Benghazi, Clinton's lawyer, David Kendall, stated that Clinton deleted all of her emails,

personal and work-related, from her tenure as Secretary of State. *See* Letter from David E. Kendall, Lawyer for Hillary Clinton, to Trey Gowdy, Chairman of the H. Select Comm. on Benghazi, at 6 (Mar. 27, 2015), *available at* http://goo.gl/jXpS5x.

9. Concerned that Clinton had violated the Federal Records Act by using a private email account on a private server to conduct government business and circumvent public oversight, Plaintiff Cause of Action Institute ("Cause of Action"), together with several other government oversight groups, wrote to Defendant Kerry and Defendant Ferriero on March 17, 2015. *See* Ex. 1. They explained the private server made it impossible for the State Department to search Secretary Clinton's email correspondence for valid Freedom of Information Act requests and that it was "of the utmost importance that all of former Secretary Clinton's emails are properly preserved and transferred back to the State Department for accountability and historical record purposes." *Id.* at 3.

10. By letter dated March 23, 2015, defendant Ferriero said the National Archives and Records Administration ("NARA") had written to the State Department for a report on the matter and that it was "awaiting a response." Ex. 2.

11. By letter dated April 24, 2015, Under Secretary of State for Management Patrick F. Kennedy said the State Department "is working closely with [NARA] regarding former Secretary Clinton's records, as well as to pursue long term solutions to manage electronic records[.]" Ex. 3. Included was the State Department's April 2, 2015 report to NARA. *See* Ex. 4.

12. As to Clinton's emails, the report stated that in response to an October 28, 2014 request from the State Department for copies of federal records in her possession, Clinton's

representatives "provided approximately 55,000 pages of emails that they determined to be potentially responsive to the Department's request[.]"  Ex. 4 at 2.

13. However, these were not all of the federal records unlawfully removed and in Clinton's possession.

14. For example, the State Department admitted that it could not locate "all or part" of at least 15 Clinton e-mails that had been provided to the House Select Committee on Benghazi by Sidney Blumenthal.

15. Upon information and belief, Clinton also removed specific portions of certain emails she provided to the State Department.  *See* Sarah Westwood, *Records show Clinton withheld emails about oil, terrorism*, Wash. Exam. (June 27, 2015), http://goo.gl/sX3b3E (stating that "in July 2012, Clinton removed paragraphs from a Blumenthal memo that warned 'simply completing the election ... and fulfilling a list of proper democratic milestones may not create a true democracy.' Blumenthal also wrote—in sections that Clinton deleted before providing the document to State—that the government would likely be 'founded on Sharia,' or Islamic laws.").

16. Therefore, Defendants should have carried out their non-discretionary statutory duty to initiate legal action to recover all federal records in Clinton possession and unlawfully removed from the State Department, and to notify Congress that such action is being taken.

17. However, in violation of the Federal Records Act, defendants apparently have not done so.

**JURISDICTION AND VENUE**

18. Jurisdiction is proper under 28 U.S.C. § 1331 (action arising under the laws of the United States), 5 U.S.C. §§ 701, 702, and 706 (APA), 28 U.S.C. § 1361 (mandamus) and 28 U.S.C. §§ 2201-2202 (Declaratory Judgment Act).

19. Injunctive relief is proper when, as here, private parties are adversely affected or aggrieved by agency action or inaction and the court is authorized to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. §§ 702, 706.

20. Venue is proper under 28 U.S.C. § 1391(e).

## PARTIES

21. Cause of Action is a non-profit strategic oversight group committed to ensuring that the regulatory process is transparent, fair, and accountable. In furtherance of its mission, Cause of Action regularly requests access to the public records of federal agencies, entities, and offices, and disseminates its findings, analysis, and commentary to the general public. Although not a subject of the current complaint, Cause of Action has a pending Freedom of Information Act request before the State Department for records that likely include emails to and from former Secretary Clinton. *See* Ex. 5.

22. Defendant John F. Kerry is U.S. Secretary of State and has his principal place of business at the U.S. Department of State, 2201 C Street N.W., Washington, DC 20520. Defendant Kerry is being sued in his official capacity only. He is the "agency head" and subject to the Federal Records Act.

23. Defendant David S. Ferriero is the U.S. Archivist and has his principal place of business at the National Archives and Records Administration, 8601 Adelphi Road, College Park, MD 20740-6001. Defendant Ferriero is being sued in his official capacity only. He is the "Archivist" and subject to the Federal Records Act.

## FACTS

A.   The Federal Records Act.

24.   At all times relevant, the Federal Records Act defined a "record" as any material, "regardless of physical form or characteristics, made or received by an agency of the United States Government under Federal law or in connection with the transaction of public business and preserved or appropriate for preservation by that agency or its legitimate successor as evidence of the organization, functions, policies, decisions, procedures, operations, or other activities of the Government or because of the informational value of data in them." 44 U.S.C. § 3301; 36 C.F.R. § 1220.18.

25.   At all times relevant, the Federal Records Act required all agency heads, including the Secretary of State, to "establish and maintain an active, continuing program for the economical and efficient management of the records of the agency." 44 U.S.C. § 3102.

26.   At all times relevant, the Federal Records Act prohibited unauthorized alienation or destruction of records. 44 U.S.C. § 3314.

27.   At all times relevant, the Federal Records Act prohibited the removal of records from the legal custody of an agency. 36 C.F.R. §§ 1222.24(a)(6), 1230.10(a); *see also* 36 C.F.R. § 1230.3(b).

28.   At all times relevant, the Federal Records Act directed agency heads, including the Secretary of State, to establish "safeguards" against the removal or loss of records, including notifications to agency officials and employees that records are not to be alienated or destroyed unless authorized and of "the penalties provided by law for the unlawful removal or destruction of records." 44 U.S.C. § 3105; 36 CFR § 1230.10 (requiring agency heads to "[p]revent the unlawful or accidental removal, defacing, alteration, or destruction of records"); 36 CFR § 1230.12; 5 FAH-4 H-217.1(c) (explaining to State Department personnel that "[f]ines,

imprisonment, or both may be imposed for the willful and unlawful removal or destruction of records as stated in the U.S. Criminal Code (e.g., 18 U.S.C., section 2071)").

29. At all times relevant, the Federal Records Act tasked NARA as the primary agency for records management oversight.

30. At all times relevant, the Federal Records Act made the Archivist of the United States responsible for assisting federal agencies in maintaining satisfactory documentation of agency policies and transactions, including by promulgating standards, procedures, and guidelines with respect to records management.

31. At all times relevant, the Federal Records Act mandated that an agency promptly notify NARA and produce a comprehensive report when records were unlawfully or accidentally removed, defaced, altered, or destroyed. 44 U.S.C. § 3106(a); 36 C.F.R. §§ 1230.10(d), 1230.14.

32. At all times relevant, the Federal Records Act required agency heads to collaborate with the Archivist to "initiate action through the Attorney General for the recovery of records the head of the Federal agency knows or has reason to believe have been unlawfully removed from that agency." 44 U.S.C. § 3106(a); *see also* 36 C.F.R. § 1230.18

33. At all times relevant, the Federal Records Act provided that, if the agency head did not initiate an action for such recovery or other redress within a reasonable period of time, the Archivist "shall request the Attorney General to initiate such an action, and shall notify the Congress when such a request has been made." 44 U.S.C. § 3106(b).

34. At all times relevant, the Federal Records Act required the Archivist to "assist the head of the agency in initiating action through the Attorney General for the recovery of records unlawfully removed and for other redress provided by law" and provided that the Archivist "shall request the Attorney General to initiate such an action, and shall notify the Congress when

such a request has been made" if the agency head has failed to do so within a reasonable time. 44 U.S.C. § 2905(a).

      B.    <u>The State Department's Admissions Prove Clinton Violated The Federal Records Act.</u>

35.    As Secretary of State, Clinton was the "agency head" responsible for implementing and enforcing the Federal Records Act.

36.    At all times relevant, her correspondence, briefing books, notes, agendas, memos, drafts, minutes, reports, talking points, and other such documentation relating to her diplomatic activities, appearances, briefings, speeches, travel, telephone calls, scheduling, staff meetings, and other matters relating to the responsibilities of the Secretary of State were subject to the Federal Records Act and designated for permanent preservation.  *See* U.S. Dep't of State Records Schedule, Chapter 01: Secretary of State, *available at* http://goo.gl/1Nto0L.

37.    At all times relevant, emails made or received in her capacity as Secretary of State or in connection with the transaction of public business, were subject to the Federal Records Act.

38.    As Clinton knew or should have known, the Federal Records Act did not authorize her to set up her own recordkeeping system or to maintain emails on a personal server or use a private email account without ensuring that the emails were concurrently archived in the State Department's official recordkeeping system.

39.    However, her emails were not concurrently archived in the State Department's official recordkeeping system.

40.    At all times relevant, the State Department did not archive the in-boxes of senior officials other than the Secretary.  Therefore, Clinton's emails to senior State Department officials using her private email and server were not properly and concurrently archived.

41. Also, at least ten percent of Clinton's emails were sent to or received from email addresses outside of the State Department. *See Statement from the Office of Former Secretary Clinton,* at 2 (Mar. 10, 2015), *available at* http://goo.gl/wtSQ9e. These emails also were not properly and concurrently archived.

42. On March 3, 2015, Paul M. Wester, Jr., the Chief Records Officer at NARA, advised the State Department that "Federal records may have been alienated from the Department of State's official recordkeeping system" and asked for a report within 30 days detailing how Clinton's emails "were managed and the current status of these records." Letter from Paul M. Wester, Jr., Chief Records Officer, NARA, to Margaret P. Grafeld, Deputy Assistant Sec'y for Global Info. Servs., Bureau of Admin., U.S. Dep't of State (Mar. 3, 2015), *available at* http://goo.gl/8Bys0x.

43. In response, the State Department admitted "the degree to which [Clinton's email] records were captured in the Department's systems was unknown." Ex. 4.

44. Later, the State Department admitted that it could not properly respond to certain FOIA requests because it did not have access to Clinton's records within its own system until after she had delivered paper copies on December 5, 2014.

45. Under 36 C.F.R. § 1230.3, the removal of federal records is defined as "selling, donating, loaning, transferring, stealing, or otherwise allowing a record to leave the custody of a Federal agency without the permission of the Archivist of the United States." 36 C.F.R. §§ 1230.3(b); 1228.100(a)

46. Notwithstanding her statutory obligation as agency head to ensure enforcement of the Federal Records Act by all State Department personnel, Clinton did not seek or obtain permission from the Archivist to remove federal records to her private email and server.

47. Also, contrary to her statutory duties, Clinton did not ensure that copies of her emails were contemporaneously preserved in the State Department record-keeping system, whether in hard copy or electronic form.

48. Therefore, Clinton violated the Federal Records Act.

C. <u>Defendants Must Initiate Legal Action Against Clinton</u>.

49. The Federal Records Act requires defendants to initiate legal action against Clinton for her violations.

50. Upon information and belief, defendant Kerry has known of Clinton's unlawful removal and/or destruction of records since on or before October 28, 2014.

51. Upon information and belief, defendant Ferriero has known of Clinton's unlawful removal and/or destruction of records since on or before March 2, 2015.

52. Upon information and belief, despite their knowledge of the unlawful removal and/or destruction of federal records, defendants have not carried out their non-discretionary duty to initiate legal action against Clinton through the Attorney General under 44 U.S.C. § 2905(a) and/or 44 U.S.C. § 3106, nor have they notified Congress in respect of the same.

D. <u>Defendants Failure To Act Has Harmed Cause Of Action.</u>

53. Cause of Action notified both defendants of the unlawful removal of records and asked that they fulfill their statutory duty to initiate legal action to recover the unlawfully removed records, including those which may have been deleted from Clinton's server.  Ex. 1.

54. Cause of Action has a pending Freedom of Information Act request for records that may have been unlawfully removed or destroyed by Clinton.

55. The defendants' failure to discharge their statutory duties has delayed or frustrated Cause of Action's legal right to obtain such records.

56. Therefore, defendants' failure to carry out their non-discretionary duties under the Federal Records Act has directly harmed Cause of Action.

## FIRST CLAIM FOR RELIEF

### For Injunctive And Declaratory Relief

57. Cause of Action repeats paragraphs 1-56.

58. The Federal Records Act requires defendant Kerry to notify the Archivist of Clinton's unlawful removal and/or destruction of records and, with the assistance of the Archivist, to initiate legal action through the Attorney General.  44 U.S.C. § 3106(a).

59. If defendant Kerry does not initiate such action, then defendant Ferriero must request the Attorney General initiate such action, and notify the Congress when he makes such a request.  44 U.S.C. §§ 2905(a), 3106(b).

60. Defendants have actual and constructive knowledge of the unlawful removal and/or destruction of records subject to the Federal Records Act.

61. Defendant Kerry has violated his obligation under 44 U.S.C. § 3106(a) by failing to initiate legal action through the Attorney General to recover the unlawfully removed records.

62. Defendant Ferriero has violated his obligation under 44 U.S.C. § 2905(a) and 44 U.S.C. § 3106 by failing to initiate legal action through the Attorney General to recover the unlawfully removed records and to notify Congress of such action.

63. Cause of Action is therefore entitled to a declaratory judgment that defendants are in violation of their non-discretionary statutory duties under the Federal Records Act and to preliminary and permanent injunctive relief requiring defendants to recover unlawfully removed and destroyed records, and to seek other redress, all as required by law, and to prevent further removal or destruction of federal records.

## SECOND CLAIM FOR RELIEF

### For Mandamus

64. Cause of Action repeats paragraphs 1-63.

65. Cause of Action, a non-profit organization that makes information in State Department and other government records available to the public, has a direct interest in ensuring such records are maintained, preserved, and made accessible to the public in accordance with the Federal Records Act and other laws.

66. Defendants have wrongfully failed to carry out their non-discretionary, mandatory duties under the Federal Records Act to initiate legal action for recovery of unlawfully removed or destroyed records and/or for other redress, among other things.  This failure has harmed Cause of Action.

67. Defendants can adequately fulfill their statutory obligations only by initiating legal action through the Attorney General to take custody of Clinton's server and attempting to recover the allegedly deleted emails from that server, among other things.

68. Cause of Action is therefore entitled to relief in the form of a writ of mandamus, ordering defendants Kerry and Ferriro to comply with 44 U.S.C. §§ 2905, 3106 by initiating legal action against Clinton through the Attorney General.

### RELIEF REQUESTED

WHEREFORE, Cause of Action respectfully requests this Court:

A. Declare Clinton's emails, as specified above, are subject to the Federal Records Act;

B. Declare that Clinton, by, among other things, failing to seek or obtain permission from the Archivist to remove federal records to her private email and server, ensure

that copies of her emails were contemporaneously preserved in the State Department record-keeping system, whether in hard copy or electronic form, and altering emails, violated the Federal Records Act;

C. Declare that defendants, by their failure to initiate legal action in this case, violated the Federal Records Act;

D. Order defendants, in the form of injunctive and mandamus relief, to comply with 44 U.S.C. §§ 2905, 3106 by initiating legal action against Clinton thorugh the Attorney General to take Clinton's computer server and recover the unlawfully removed and/or destroyed email records;

E. Award Cause of Action its costs and reasonable attorney fees incurred in this action; and

F. Grant such other relief as the Court may deem just and proper.

Dated: July 8, 2015

Respectfully submitted,

**CAUSE OF ACTION INSTITUTE**

/s/ *Daniel Z. Epstein*
Daniel Z. Epstein
D.C. Bar No. 1009132
daniel.epstein@causeofaction.org

CAUSE OF ACTION
1919 Pennsylvania Ave., NW, Suite 650
Washington, DC 20006
Telephone: (202) 499-4232
Facsimile: (202) 330-5842

*Counsel for Cause of Action*